Federal Complaint Draft

## UNITED STATES DISTRICT COURT FOR THE
## [_____] DISTRICT OF [_____]

| | |
|---|---|
| JERMONT WILCHER, an individual, | Case No. 26-cv-80101-RMM |
| Plaintiff, | |
| vs. | COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS |
| CAMERON JIBRIL THOMAZ p/k/a "WIZ KHALIFA," an individual; NOEL FISHER p/k/a "DETAIL," an individual; ATLANTIC RECORDS CORPORATION, a Delaware corporation, d/b/a "Atlantic Records"; and DOES 1 through 10, inclusive, | DEMAND FOR JURY TRIAL |

FILED BY _____ D.C.
JAN 29 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### PRELIMINARY/INTRODUCTORY STATEMENT

This is a civil action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, et seq. Plaintiff Jermont Wilcher ("Plaintiff") is the author and owner of an original instrumental musical composition and beat (the "Wilcher Instrumental") that he first published by posting to his public YouTube channel on or about February 4, 2013. Defendants subsequently created, released, and commercially exploited the musical recording titled "We Dem Boyz," as performed by Defendant Cameron Jibril Thomaz p/k/a "Wiz Khalifa," on or about February 11, 2014. The instrumental track for "We Dem Boyz" incorporates a substantial and virtually identical copy of Plaintiff's protected instrumental, and Defendants have reproduced, distributed, publicly performed, and otherwise exploited that infringing work without Plaintiff's authorization. Plaintiff seeks monetary damages, injunctive relief, and all other remedies available at law and in equity.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright actions), as the claims arise under the Copyright Act of the United States, 17 U.S.C. §§ 101, et seq.

To the extent Plaintiff asserts any related state law claims, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims within the Court's original jurisdiction that they form part of the same case or controversy.

On information and belief, this Court has personal jurisdiction over each Defendant because each has purposefully availed itself of the privilege of conducting business in this judicial district, has committed, directed, or participated in acts of copyright infringement in this district, and/or has engaged in other conduct and established sufficient minimum contacts with this district such that the exercise of jurisdiction comports with due process.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, one or more Defendants reside in or may be found in this district, and infringing copies of the work at issue have been and continue to be distributed, transmitted, and sold in this district.

THE PARTIES

Plaintiff Jermont Wilcher is, and at all relevant times was, an individual residing at 1195 North Military Trail, Suite 6B, West Palm Beach, Florida 33409. Plaintiff is a musical composer and producer, and the author and sole owner of all rights, title, and interest in the original instrumental musical composition at issue in this action (the "Wilcher Instrumental").

On information and belief, Defendant Cameron Jibril Thomaz p/k/a "Wiz Khalifa" ("Wiz Khalifa") is an individual who resides in the United States and conducts business throughout the United States and worldwide. Defendant Wiz Khalifa is a recording artist and songwriter who performs and is credited as an artist and writer on the infringing work "We Dem Boyz."

On information and belief, Defendant Noel Fisher p/k/a "Detail" ("Detail") is an individual who resides in the United States and conducts business throughout the United States and worldwide. Defendant Detail is a record producer and co-writer who is credited as a producer of the infringing work "We Dem Boyz."

On information and belief, Defendant Atlantic Records Corporation, a Delaware corporation, d/b/a "Atlantic Records" ("Atlantic"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Atlantic is a major record label that released, distributed, promoted, and commercially exploited the infringing work "We Dem Boyz" throughout the United States and within this judicial district. Atlantic may be served with process via its registered agent in Delaware and/or at its principal executive offices in New York, New York, as

reflected in its current public corporate filings.

The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time. These fictitiously named Defendants may include, without limitation, music publishers, additional record labels, production companies, managers, and other persons or entities involved in the creation, publishing, administration, distribution, or exploitation of the infringing work. Plaintiff therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the events, occurrences, and damages alleged herein.

FACTUAL BACKGROUND

Plaintiff is a musical artist and composer. On or about February 4, 2013, Plaintiff created and published an original instrumental musical work (the "Wilcher Instrumental") by posting it to his public YouTube channel. The YouTube posting is timestamped by YouTube, objectively establishing the date of publication.

In or around early 2013, approximately one year before the commercial release of the Infringing Work, Plaintiff and his friend, [FULL NAME OF PLAINTIFF'S FRIEND], attended a music video shoot for the recording "Bugatti" by the artist Ace Hood. During this event, Plaintiff and his friend distributed multiple USB drives containing a digital copy of the Wilcher Instrumental to various individuals in attendance, including producers and artists, for promotional purposes.

On information and belief, Defendant Detail was present at the "Bugatti" video shoot and, at that time, obtained a copy of the Wilcher Instrumental via one of the distributed USB drives. Detail had no publicly credited role on the "Bugatti" recording or video, and his attendance at the shoot was not a matter of public record. The facts and circumstances of the distribution of the Wilcher Instrumental at the "Bugatti" shoot will be corroborated by the testimony of [FULL NAME OF PLAINTIFF'S FRIEND], and Plaintiff intends to obtain and later submit in this action a sworn declaration from [FULL NAME OF PLAINTIFF'S FRIEND], executed under penalty of perjury, in support of his claims (including in connection with dispositive motions or at trial).

On or about February 11, 2014, Defendant Atlantic

commercially released the musical composition and sound recording titled "We Dem Boyz" as performed by Defendant Wiz Khalifa (the "Infringing Work"). Defendant Detail is credited as a producer of the Infringing Work.

The core instrumental of the Infringing Work is strikingly and substantially similar to the Wilcher Instrumental. The melody, chord progression, rhythmic structure, and overall arrangement of the Infringing Work's instrumental track are so nearly identical to the corresponding elements in the Wilcher Instrumental as to amount to a virtual verbatim copy. The degree of similarity between the two works is so extensive as to preclude any possibility of independent creation, coincidence, or prior common source.

On or about October 13, 2023, Plaintiff, through his legal counsel, sent a notice of infringement to Defendants, detailing his claims. Thereafter, the parties entered into a tolling agreement to facilitate an informal investigation of Plaintiff's claims and to explore potential resolution without immediate litigation.

During the tolling period, Defendants Atlantic and Wiz Khalifa did not contest the timestamped date of Plaintiff's YouTube posting, the commercial release date of the Infringing Work, the striking similarity between the instrumental tracks, or Detail's presence at the "Bugatti" video shoot; instead, they looked to Defendant Detail to supply an alternative account of the origin and creation of the Infringing Work's instrumental and deferred to his narrative in response to Plaintiff's claims.

In response to Plaintiff's allegations, Defendant Detail asserted that a third party, non-party Kemion Cooks, produced the entire instrumental used in "We Dem Boyz" in or around July 2012 without Detail's involvement, and that this purported date of creation predated Plaintiff's distribution of the Wilcher Instrumental at the "Bugatti" shoot.

Detail's assertion is directly contradicted by the official songwriter and publisher credits for the Infringing Work, which reflect that Mr. Cooks holds only a 25% writer's share in the composition, while Defendant Detail himself is credited with an equal 25% share, together constituting the typical 50% "producer share" afforded to producers of hip hop tracks such as "We Dem Boyz." Detail has offered no plausible explanation for why he would receive a producer's share of the composition if, as he claimed, he had no role in creating the instrumental. ## OWNERSHIP OF COPYRIGHT AND REGISTRATION

Plaintiff is the author and sole owner of the original instrumental musical composition at issue (the "Wilcher Instrumental"). The Wilcher Instrumental is a work of original authorship, fixed in a tangible medium of expression, and constitutes copyrightable subject matter under the laws of the United States as a musical work.

At all relevant times, Plaintiff has been and remains the sole proprietor of all rights, title, and interest in and to the copyright in the Wilcher Instrumental, including, without limitation, the exclusive rights to reproduce, distribute, publicly perform, and prepare derivative works based upon the Wilcher Instrumental, as secured by the Copyright Act, 17 U.S.C. § 101, et seq.

Plaintiff has complied in all respects with the Copyright Act and all other applicable laws governing copyright in order to secure the exclusive rights and privileges in and to the copyright in the Wilcher Instrumental. Plaintiff has applied for and obtained a Certificate of Registration from the Register of Copyrights for the Wilcher Instrumental, which bears U.S. Copyright Registration No. _____ (the "Registration"), effective as of _____. Registration of the Wilcher Instrumental issued prior to the filing of this action. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

Accordingly, Plaintiff possesses the exclusive rights under 17 U.S.C. § 106 to reproduce the Wilcher Instrumental, prepare derivative works based upon it, distribute copies of it to the public, and perform it publicly.

Plaintiff has never assigned, licensed, or otherwise authorized Defendants, or any of them, whether expressly or impliedly, to reproduce, distribute, create derivative works from, publicly perform, or otherwise exploit the Wilcher Instrumental.

INFRINGEMENT ALLEGATIONS

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

Defendants had access to the Wilcher Instrumental prior to the creation and release of the Infringing Work. Specifically, Defendant Detail was present at the "Bugatti" music video shoot in or around early 2013, where he received a physical copy of the Wilcher Instrumental on a USB drive from Plaintiff and/or Plaintiff's friend. This provided Defendants with a clear and direct opportunity to copy Plaintiff's work, and Detail's access to the Wilcher Instrumental is imputable to his co-writers,

performers, and label collaborators, including Wiz Khalifa and Atlantic.

After gaining access to the Wilcher Instrumental, Defendant Detail, acting in his capacity as a producer, copied substantial and qualitatively significant portions of the Wilcher Instrumental to create the instrumental track for the Infringing Work, "We Dem Boyz." The copying was direct and substantially verbatim, appropriating the core protected musical expression embodied in Plaintiff's work.

The instrumental portion of the Infringing Work is strikingly and substantially similar to the Wilcher Instrumental. The melodic phrases, harmonic progression, rhythmic structure, instrumentation, and overall feel of the two works are virtually identical. The similarities are so pronounced and specific that they could not be the result of coincidence, independent creation, or derivation from a common prior source, and the degree of similarity itself supports a strong inference of copying. The absence of any credible pre-"Bugatti" metadata or project files from Defendant Detail, coupled with his reliance on post-2013 timestamps and incomplete screenshots that do not show when the core infringing elements were created or added, further underscores that the Infringing Work was copied from the Wilcher Instrumental and that Defendants' contrary origin story is not credible.

Defendants, and each of them, have infringed and continue to infringe Plaintiff's copyright in the Wilcher Instrumental throughout the United States and worldwide by, without limitation: a. Reproducing the Wilcher Instrumental in the form of digital audio files and incorporating it into the master sound recording of the Infringing Work, without Plaintiff's authorization; b. Preparing a derivative work, namely the Infringing Work, which is based upon and incorporates the Wilcher Instrumental; c. Distributing and selling copies of the Infringing Work to the public through physical media (such as CDs and vinyl records) and through digital channels such as download stores and interactive streaming services; and d. Publicly performing the Infringing Work, and authorizing and licensing its public performance, through radio broadcast, television, internet and on-demand streaming, music videos, and live concerts.

Defendant Detail directly engaged in the initial acts of copying and reproduction by taking the Wilcher Instrumental, or substantial portions thereof, and incorporating its protected

musical expression into the instrumental track for the Infringing Work. Defendant Wiz Khalifa directly participated in the creation and fixation of the derivative Infringing Work by recording and authorizing the recording of his vocals over the infringing instrumental, and by participating in, authorizing, and benefiting from the distribution, sale, and public performance of the resulting sound recording. Defendant Atlantic, as the distributor and record label, has directly infringed by reproducing, manufacturing, distributing, and publicly performing or authorizing the public performance of the Infringing Work, and by commercially exploiting it on a massive scale throughout the United States and the world.

The infringing acts of Defendants have been and continue to be willful, intentional, and purposeful, in disregard of and with indifference to the rights of Plaintiff. Defendants' willfulness is evidenced by, among other things, Defendant Detail's direct access to the Wilcher Instrumental at the "Bugatti" video shoot; his subsequent efforts during the tolling period to advance a false and internally inconsistent narrative that a third party was the sole creator of the instrumental; his failure to produce reliable pre-"Bugatti" project-file metadata or stems and instead reliance on a homemade screen recording showing only post-2013 dates and incomplete screenshots that do not establish prior creation of the infringing elements; the inconsistency between his claimed lack of involvement and the official writer and producer credits on "We Dem Boyz" that award him a 25% writer's share equal to that of the purported sole creator; his expressed indifference during a recorded January 19, 2024 prison telephone call with Plaintiff's counsel in which he stated in substance that he did not care if he, Wiz Khalifa, and/or Atlantic were sued; and Defendants' continued, knowing exploitation of the Infringing Work after receipt of Plaintiff's notice of infringement and throughout the tolling period without ceasing exploitation or providing Plaintiff with credit, compensation, or an accounting.

As a direct and proximate result of Defendants' infringement, they have realized and continue to realize substantial profits, gains, and advantages to which they are not entitled, including, without limitation, revenues, royalties, and other financial and promotional benefits from sales, streams, performance royalties, licenses, synchronization uses, and other exploitations of the Infringing Work, all of which properly belong to Plaintiff to the extent attributable to the unlawful use of his work.

The aforesaid acts of infringement have all been committed

without the express or implied permission, license, or consent of Plaintiff.

COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

**(Against All Defendants)**

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

Plaintiff is the author and owner of a valid and registered copyright in the Wilcher Instrumental musical work.

Defendants, and each of them, without authorization or license from Plaintiff, copied, reproduced, distributed, and publicly performed the Wilcher Instrumental by creating, authorizing, releasing, and commercially exploiting the Infringing Work, "We Dem Boyz," and are jointly and severally liable for such acts of infringement.

The foregoing acts by Defendants constitute infringement of Plaintiff's exclusive rights in the copyrighted Wilcher Instrumental, including, without limitation, his exclusive rights under 17 U.S.C. § 106, in violation of the Copyright Act, 17 U.S.C. § 501.

Defendants' infringement was and continues to be willful. Defendants proceeded with the creation, release, and ongoing distribution and exploitation of the Infringing Work despite having direct access to the Wilcher Instrumental, the striking and substantial similarity between the works, the absence of any credible evidence of independent creation, and actual notice of Plaintiff's rights, and did so with knowledge of, or in reckless disregard for, Plaintiff's copyright interests.

As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer substantial damages, including, without limitation, harm to the market for and value of the Wilcher Instrumental. Defendants have obtained and will continue to obtain direct and indirect profits from their infringement to which they are not justly entitled.

Plaintiff is entitled to recover from Defendants the actual damages Plaintiff has sustained and any and all profits of Defendants that are attributable to the infringement, to be proven at trial, or, at Plaintiff's election, statutory damages for infringement (including enhanced statutory damages for willful infringement) pursuant to 17 U.S.C. § 504. Plaintiff is also entitled to injunctive relief, impoundment and/or destruction of

all infringing materials, and an award of his reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 502, 503, and 505.

COUNT II — CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT

**(Against Defendants Wiz Khalifa and Atlantic)**

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

Defendants Wiz Khalifa and Atlantic knew or had reason to know of the direct infringement of Plaintiff's copyright by Defendant Detail and nonetheless induced, caused, encouraged, and materially contributed to that infringing conduct. After Detail copied the Wilcher Instrumental to create the instrumental track for the Infringing Work, Wiz Khalifa recorded and authorized the recording of his vocals over that infringing instrumental, participated in and approved the release and promotion of the resulting sound recording, and continued to perform and exploit the Infringing Work after receiving Plaintiff's October 13, 2023 notice of infringement and subsequent correspondence during the tolling period, rather than taking steps to halt or remediate the infringement. Likewise, Atlantic, with knowledge of the infringing nature of the instrumental and of Plaintiff's claims, manufactured, pressed, uploaded, distributed, licensed, promoted, and publicly performed or authorized the public performance of the Infringing Work, and continued to do so after receiving notice of Plaintiff's claims and during the tolling period, thereby providing the essential means and instrumentalities for the infringement. By these acts, Wiz Khalifa and Atlantic materially contributed to and are therefore liable for contributory copyright infringement.

Furthermore, Defendants Wiz Khalifa and Atlantic had, and exercised or could have exercised, the right and ability to supervise, control, and prevent the infringing activity of Defendant Detail and the exploitation of the Infringing Work, and they derived a direct financial benefit from that infringement. Wiz Khalifa, as the featured artist and a credited writer on the Infringing Work, possessed approval rights and practical control over whether his vocals would be recorded over the infringing instrumental and whether the resulting sound recording would be released and promoted under his name, and he has received, and continues to receive, royalties, performance

income, and other financial and promotional benefits from the exploitation of the Infringing Work. Atlantic, as the releasing record label, had contractual and practical authority to approve the masters for release, to decide whether and how the Infringing Work would be manufactured, distributed, and promoted, and to discontinue or suspend such exploitation after notice of Plaintiff's claims, and it has received, and continues to receive, label profits, royalties, and other financial benefits from sales, streams, licenses, and performances of the Infringing Work. Accordingly, Wiz Khalifa and Atlantic are vicariously liable for the direct infringement committed by Defendant Detail and for all infringing exploitation of the Infringing Work.

By reason of the foregoing, Defendants Wiz Khalifa and Atlantic are jointly and severally liable with Defendant Detail for all infringement of Plaintiff's copyright in the Wilcher Instrumental and for all damages, profits, and other relief attributable to such infringement.

COUNT III — DECLARATORY AND INJUNCTIVE RELIEF

**(Against All Defendants)**

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and obligations under the Copyright Act with respect to the Wilcher Instrumental and the Infringing Work. Plaintiff contends that Defendants' creation, reproduction, distribution, licensing, and public performance of the Infringing Work, and their continued exploitation of that work after notice of Plaintiff's claims, constitute willful infringement of Plaintiff's copyright, while Defendants, by their conduct and failure to provide relief, deny or dispute that contention.

Plaintiff seeks a judicial declaration, pursuant to 28 U.S.C. § 2201 and the Copyright Act, that Defendants' past and ongoing creation, reproduction, distribution, licensing, and public performance of the Infringing Work, and authorization of the same, constitute a willful infringement of Plaintiff's copyright in the Wilcher Instrumental and that Defendants have no right or license to exploit the Wilcher Instrumental or any work derived therefrom without Plaintiff's authorization.

As a result of Defendants' ongoing infringing conduct, including the continued distribution, streaming, downloading, licensing,

and public performance of the Infringing Work through physical and digital distributors, interactive streaming services, radio, audiovisual platforms, and live performances, Plaintiff has suffered and will continue to suffer irreparable harm for which monetary damages are an inadequate remedy. Defendants' conduct deprives Plaintiff of control over when, how, and by whom his original composition is used and associated; impairs and distorts the public's perception of the source and authorship of the instrumental; interferes with and diminishes the present and future market for, and licensing value of, the Wilcher Instrumental in ways that are difficult or impossible to fully quantify; and threatens the distinctiveness and reputational value of Plaintiff's work by cementing its association with Defendants rather than with Plaintiff. Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's copyright and to authorize others to do so, causing further irreparable harm to Plaintiff's rights and to the value and integrity of his intellectual property.

Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, restraining and enjoining Defendants, their officers, directors, partners, members, agents, employees, representatives, licensees, successors, assigns, and all persons acting in concert or participation with them, from directly or indirectly infringing Plaintiff's copyright in the Wilcher Instrumental, including, without limitation, by manufacturing, reproducing, distributing, selling, licensing, transmitting, publicly performing, synchronizing, or otherwise exploiting the Infringing Work, or any other work containing the infringing instrumental or any portion of the Wilcher Instrumental, and requiring Defendants to take all reasonable steps within their power to cause their distributors, licensees, and digital service providers to cease such infringing exploitation.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants, jointly and severally, as follows:

For a judicial declaration that Defendants have infringed, and willfully infringed, Plaintiff's copyright in the Wilcher Instrumental;

For a preliminary and permanent injunction enjoining

Defendants, their officers, agents, employees, and all persons acting in concert with them, from directly or indirectly infringing Plaintiff's copyright in the Wilcher Instrumental, including but not limited to manufacturing, reproducing, distributing, selling, publicly performing, licensing, synchronizing, or otherwise exploiting the Infringing Work "We Dem Boyz" or any other work containing the infringing instrumental or any portion of the Wilcher Instrumental;

For an order pursuant to 17 U.S.C. § 503 requiring the impoundment, and upon final judgment the destruction or other reasonable disposition, of all copies of the Infringing Work and all masters, matrices, files, and other articles by means of which such copies may be reproduced, prepared, or disseminated;

For an award of Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b), for which Defendants are jointly and severally liable;

In the alternative, at Plaintiff's election, for an award of statutory damages for willful infringement in the maximum amount of $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c);

For an award of Plaintiff's reasonable attorneys' fees and full costs of suit, pursuant to 17 U.S.C. § 505;

For restitution and the disgorgement of, and the imposition of a constructive trust upon, all profits, gains, royalties, advances, and other benefits Defendants have obtained that are attributable to their infringement of Plaintiff's copyright in the Wilcher Instrumental;

For prejudgment and post-judgment interest at the highest legal rate; and

For such other and further relief as the Court may deem just and proper.

EXHIBITS

The following exhibits are identified and incorporated by reference into this Complaint (serving as an index of exhibits to be filed with this pleading or later in the action):

**EXHIBIT A:** A true and correct copy of the U.S. Copyright Office Certificate of Registration (Registration No. _____, effective _____) for the Wilcher Instrumental.

**EXHIBIT B (RESERVED):** Sworn declaration of

concerning the events at the Bugatti music video shoot. Plaintiff does not yet have this signed declaration, and Exhibit B is therefore not attached to this Complaint at the time of filing. Plaintiff anticipates obtaining the signed declaration and filing it as Exhibit B in this action by later filing (for example, in connection with a motion or during discovery).

**EXHIBIT C:** A true and correct copy of Plaintiff's written infringement correspondence to Defendants, including, without limitation, the demand letter dated October 13, 2023, and follow-up correspondence dated February 9, 2024 (the letter from attorney Eric Lauritsen to Warner Music Group / Atlantic Records).

**EXHIBIT D:** A true and correct copy of the parties' tolling agreement.

Dated: 1/28/26

Respectfully submitted,

**Jermont Wilcher**
1195 North Military Trail, Suite 6B
West Palm Beach, Florida 33409
Telephone: 561 490-5776
Email: _____
*Plaintiff, Pro Se*